BELL, J.,
specially concurring.
I find myself in the same dilemma faced earlier by several of my esteemed predecessors on this Court: Justices Alderman, Ehrlich, and Shaw. I share their concerns about our single-subject jurisprudence, but *528 I am constrained to concur in this opinion by the doctrine of stare decisis. Our decision in In re Advisory Opinion to Attorney General re Authorization for County Voters to Approve or Disapprove Slot Machines Within Existing Pari-Mutuel Facilities, 813 So.2d 98, 100 (Fla.2002), and the other precedent cited by the majority bind us to the result reached. However, if we could write on a clean slate, I would hold that the proposed amendment violates the single-subject restriction of article XI, section 3 of the Florida Constitution because it is a clear example of logrolling.
Over twenty years ago, Justices Aider-man, Ehrlich, and Shaw wrote eloquently on the question of logrolling in citizens’ initiatives and proclaimed their concerns about the impact of this Court’s jurisprudence. In 1978, this Court upheld an initiative petition in Floridians Against Casino Takeover v. Let’s Help Florida, 363 So.2d 337 (Fla.1978), that would have authorized privately owned gambling casinos in a defined area of Dade and Broward counties. Taxes upon the operation of these casinos were mandated and limited to the statewide funding of public schools and local law enforcement. In his dissent, Justice Alderman stated:
Certainly the people have the right to adopt a constitutional amendment that would legalize casino gambling in Florida, but they also have the right to expect that any proposed amendment will be submitted to them in the manner prescribed by the present constitution. An initiative amendment limited to casino gambling and matters directly connected therewith would be lawful. The amendment presently under consideration, in my opinion, is not lawful because the allocation of tax revenue is separate from and not directly connected to the subject of casino gambling. The proposed amendment in its present form is a blatant attempt at “logrolling,” or as appellants say in their brief, it is “a sugar coated pill to attempt to persuade those Floridians not living in Dade and South Broward Counties to vote for casino gambling on the theory that they may receive some benefit therefrom but none of the detriments brought about by casino gambling.”
Id. at 343 (Alderman, J., dissenting).
Six years later, in Fine v. Firestone, 448 So.2d 984, 997 (Fla.1984), Justices Ehrlich and Shaw expressed the same concerns raised by Justice Alderman. Constrained by the doctrine of stare decisis, they concurred in result only to the majority opinion and then wrote separately to express their deep concerns about this Court’s single-subject jurisprudence, especially on the question of logrolling. Justice Ehrlich wrote:
As the majority notes, the purpose of the single-subject requirement is to prevent logrolling, pairing a popular measure with an unpopular one in order to enhance the likelihood of passing the less-favored measure. It would be difficult to imagine a better illustration of logrolling than the initiative proposal approved in Floridians. Tying increased funding of education to the casino gambling proposal was unarguably an attempt to enlist the support of those concerned with the quality of education in Florida for a measure inherently unrelated to education. So long as this Court continues to uphold the result in Floridians, it will stand for the proposition that logrolling may be tolerated in a citizens’ initiative proposal to amend the constitution.
Fine, 448 So.2d at 995-96 (Ehrlich, J. concurring in result only) (emphasis added). Writing separately, Justice Shaw stated:
I see the one-subject limitation on initiative petitions as serving two purposes:
*529 1. Ensuring that initiatives are sufficiently clear so that the reader, whether layman or judge, can understand what it purports to do and perceive its limits. -
2. Ensuring that there is a logical and natural unity of purpose in the initiative so that a vote for or against the initiative is an unequivocal expression of approval or disapproval of the entire initiative.
When the two purposes above are examined, I conclude that the initiative fails on both prongs.
Id. at 998 (Shaw, J. concurring in result only).
The observations of Justices Alderman, Ehrlich, and Shaw are just as true today as they were in 1978 and 1984. And Justice Alderman’s warning that the majority’s “pragmatic” reasoning would read the anti-logrolling concerns of the single-subject limitation “right out of the constitution” has largely been fulfilled.[4] As Justice Ehrlich said in Fine, our precedent does stand for the proposition that logrolling is tolerated in a citizens’ initiative proposal to amend the constitution, at least to the extent that the logrolling is limited to tying the revenue generated from the less popular measure to the funding of a most popular concern. With this kind of jurisprudence, Justice Shaw’s observations are likewise true. As long as we allow initiatives such as this that do not meet the “logical and natural unity of purpose” test, votes cast for or against such initiatives will never be an unequivocal expression of approval or disapproval of the entire initiative. And preventing such disunity is certainly one of the two fundamental purposes of the single-subject limitation.
Despite my deep concerns about our jurisprudence in this area, I must specially concur because of this Court’s precedent, and most particularly because this Court rejected the logrolling argument in a substantially similar amendment in 2002. Nonetheless, in regard to future initiative petitions, I respectfully suggest we restore common sense to our single-subject jurisprudence by receding from those decisions of this Court that are contrary to the analysis of logrolling set forth herein.
ANSTEAD, C.J., and LEWIS, J., concur.

. Floridians, 363 So.2d at 343 (Alderman, J., dissenting).